WARD, Judge.
This appeal arises from a third party action on an indemnity agreement. The Trial Court granted summary judgment for third-party plaintiff American Flourite, Inc. (“American”), holding that Federated Energy Corporation (“Federated”) is bound by the terms of a Receipt and Release executed by Federated to indemnify, defend and hold American harmless against the claims made by Terra Resources, Inc. (“Terra”) in the main demand. Federated appeals. We affirm.
On June 20, 1984 Terra filed suit against American alleging it owed $360,555.24 pursuant to a joint operating agreement (“JOA”) executed June 6,1981.[1] Under the JOA, Terra was to drill and operate two oil and gas wells in Terrebonne Parish and *609 would be reimbursed for its costs by the non-operating parties, including American. The non-operating parties were to bear the costs in proportion to their percentages of participation in the JOA.
Federated, which was not a party to the JOA, owned leases in the proposed drilling unit and would have been permitted to participate as a working interest owner if it desired. However, Federated brought American into the venture, when on June 12, 1981 American and Federated executed a letter agreement whereby American purchased from Federated a 3.125 percent working interest and agreed to pay 3.125 percent of the costs. Drilling operations commenced in the summer of 1981. The record before us shows that during July and August 1981, American received five invoices from Terra totalling $93,728.38. American paid Terra $91,896.56 in September. Due to American’s financial difficulties, this was the only payment American made to Terra.
Terra did not receive payment from American for invoices of September, October, November or December of 1981, nor for January or February of 1982. On February 26, 1982, Terra and Federated entered into an agreement whereby Federated agreed to pay American’s share of the costs if American was unable to meet its obligation to Terra, but Terra was to use all available means to collect from American so as to minimize Federated’s liability. Pursuant to this agreement, Federated made payments on American’s accrued debt and additionally, paid on behalf of American the invoices of March, April, May, June and part of July 1982. All together, Federated made payments to Terra on behalf of American totaling $161,592.84. However, after October, 1982, Federated refused to make any further payments for American’s debt. Thus, American was indebted to Federated for $161,592.84 because of the payments Federated made to Terra on behalf of American, and additionally, American owed Terra for the accrued debts after October 1982 which Federated refused to pay.
American’s debt to Federated led to settlement negotiations between the two. On August 30, 1982 American sent Federated a promissory note due on October 31, 1982 for $304,011.90. The cover letter attached to this note stated that it represented American’s liability to Federated “based on invoicings to date either from [Federated] or Terra.” Soon afterward, however, Federated agreed to settle for $179,456.42 because American was nearing bankruptcy and Federated, as an unsecured creditor, was likely to receive nothing in bankruptcy proceedings. On March 18, 1983, in consideration for payment by American of $179,-456.42, Federated executed a Receipt and Release in favor of American. The Receipt and Release provided that Federated would indemnify American under the following circumstances:
As part of the consideration for the payment of the above sum of money, the Company [Federated] does, for itself and its affiliates, and their respective successors, assigns, personal representatives, officers, agents and employees, hereby agree to INDEMNIFY, DEFEND, and HOLD HARMLESS AFI, AFC, API and OPI [American] and their affiliates and respective successors, assigns, personal representatives, officers, agents and employees from any and all claims, demands, actions and causes of whatsoever nature or character which have been or which may hereafter be asserted by any person, firm or corporation whomsoever claiming by, through or under them, arising out of or in any manner connected with any indebtedness of AFI, AFC, API or OPI to the company.
The Trial Judge granted American’s motion for summary judgment based upon this agreement, finding Federated obligated to defend, hold harmless and indemnify American in Terra’s present action against American.
On appeal Federated contends that summary judgment was improper because it is obligated to defend, indemnify and hold American harmless only from claims against American which are either asserted “by, through or under” Federated or “arise *610 out of or are m any manner connected with” an indebtedness owed by American to Federated — not for claims made by Terra. Federated’s contention is that the language of the Release clearly makes it inapplicable to Terra’s claims against American, thus barring a summary judgment which would make Federated obligated to indemnify American for those claims.
We believe that when the settlement agreement provided for indemnity for claims “arising out of or in any manner connected with any indebtedness” of American to Federated, this included any debt American owed Terra. We disagree with Federated’s argument that Terra’s claims do not arise out of, nor are they connected with, any indebtedness owed by American to Federated. Even though Terra is suing under the JO A, to which Federated was not a party, on a debt American owes Terra, the extremely broad import of the phrase, “in any way connected with,” includes the debt American owes Terra. As a matter of fact, Terra’s claim against American seeks payment for invoices Federated has paid to Terra on behalf of American as well as for invoices Federated did not pay for American despite Federated’s promise to Terra to pay American’s debts. Apparently, when Terra sued American it was trying to live up to its letter agreement with Federated; that is, to use all available means to recover from American.
Additionally, Federated obtained a promissory note from American for more than Federated had paid on American’s behalf— the excess presumably to be paid by Federated to Terra on behalf of American. In other words, when Federated obtained that the note, it covered all of American’s debt to Terra at that time, including both that which Federated had paid and that which Federated was obligated to pay Terra. Because the Receipt and Release was part of Federated and American’s compromise of the amount due under the note, how can it be said that Terra’s claim against American is not connected with the Receipt and Release? We believe it clear that the claims asserted in Terra’s lawsuit are “connected with” the “indebtedness” American owed to Federated, and under this clause of the Receipt and Release, Federated owes indemnity to American. Summary judgment was, therefore, proper.
In its final argument, Federated asserts only that “were there any questions regarding the meaning of the Receipt and Release, factual questions of intent would be raised,” relying upon the rule that summary judgment is seldom appropriate where there is a question of what was intended by the words of a contract. This argument overlooks the rule, applicable in this case, that no interpretation may be made in search of the parties’ intent when the words of a contract are “clear and explicit and lead to no absurd consequences.” La.C.C. art. 2046, reproducing the substance of former Article 1945(3). Moreover, Federated has raised no issues of disputed fact. We, therefore, reject this argument.
For these reasons, the judgment of the Trial Court is affirmed, all costs to be paid by Federated Energy Corporation. The case is remanded for further proceedings.
AFFIRMED AND REMANDED

. There are discrepencies in the record as to the date of the JOA. The signature pages state that the agreement shall be effective June 6, 1981. The cover sheet is dated June 26, 1981, but the "2" has a line drawn through it. Some pleadings in the record allege the 6th; others allege the 26th. If the date of the agreement was, in fact the 6th of June, then American entered the agreement prior to the purchase of its interest in the prospect. Neither of the parties to the appeal raise an issue concerning the date of the agreement, and we use June 6, 1981 as the effective date of the JOA.